UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JAMES D. STEVENSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:11-cv-1162 |
| | ) |
| STARR GLOBAL ACCIDENT & HEALTH | ) |
| INSURANCE AGENCY, LLC and C.V. | ) |
| STARR & CO., INC., | ) |
| | ) |
| Defendants. | |

**ORDER**

On April 20, 2011, Plaintiff James Stevenson filed a complaint against Defendants Starr Global Accident & Health Insurance Agency, LLC ("Starr Global") and C.V. Starr & Co., Inc. ("Starr Parent")[1] alleging that Defendants defrauded him in the amount of $200,000. Stevenson also alleges a constructive trust claim in connection with the Defendants' receipt of the $200,000. This Court's diversity jurisdiction was never contested. Nonetheless, this Court finds that Stevenson has failed to establish that diversity jurisdiction exists. Accordingly, the Court ORDERS Stevenson to file an Amended Complaint with factual allegations, assuming they exist, that address the inadequacies described below. Stevenson has 21 days to comply with this order.

**I. SUBJECT MATTER JURISDICTION BASED ON DIVERSITY**

28 U.S.C. § 1332(a)(1) states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." Accordingly, the two requirements of

---

1 Stevenson originally sued C.V. Starr & Co., but later corrected the party to C.V. Starr & Co., Inc. (*See* Motion to Amend/Correct, ECF No. 28.)

1

diversity jurisdiction are (1) diversity of citizenship and (2) that the amount in controversy exceeds $75,000.

The party seeking to invoke federal jurisdiction bears the burden of demonstrating that the requirements for diversity are met. *Smart v. Local 702 Intern. Broth. of Elec. Workers*, 562 F. 3d 798, 802-03 (7th Cir. 2009). At the same time, in any case premised on diversity jurisdiction, this Court must independently determine whether the parties meet the diversity and amount in controversy requirements of 28 U.S.C. § 1332. *Thomas v. Guardsmark, LLC*, 487 F. 3d 531, 533 (7th Cir. 2007). In other words, the party invoking federal jurisdiction bears the burden of proof, but the Court must independently analyze jurisdiction even if it is not challenged.

### A. Diversity of Citizenship Legal Standard

In order to satisfy the diversity of citizenship requirement, "complete diversity" must be established—no plaintiff and defendant can be a citizen of the same State. *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006). A "naked declaration that there is diversity of citizenship is never sufficient." *Thomas*, 487 F.3d at 533. Rather, the citizenship of each party to the litigation must be identified. *Id.* Further, merely alleging residence, without alleging domicile, is insufficient to establish citizenship. *See, e.g., Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012); *America's Best Inns v. Best Inns of Abilene*, 980 F. 2d 1072, 1074 (7th Cir. 1992) (per curiam). For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members. *See Thomas*, 487 F.3d at 534.

### B. Diversity of Citizenship Analysis

Plaintiff Stevenson invoked federal jurisdiction by filing this action. Therefore, Stevenson bears the burden of demonstrating that the requirements for diversity are met. *Smart*, 562 F. 3d at 802-03.

Stevenson alleges he is a "resident and domiciliary of Illinois." (Complaint, ECF No. 1 at ¶ 4.) By alleging domicile, Stevenson has properly alleged that he is a citizen of Illinois for diversity purposes. Accordingly, for complete diversity to exist, neither Starr Parent nor Starr Global can be an Illinois citizen.

A corporation is a citizen of any state in which it is incorporated and of the state in which it has its principal place of business. 28 U.S.C. § 1332(c). Stevenson properly alleged the citizenship of Starr Parent as California (the state in which it is incorporated) and New York (its principal place of business). (Complaint, ECF No. 1, at ¶ 2.)

Regarding Starr Global, however, Stevenson only alleges that "[n]o member of Starr Global resides in or is a citizen of Illinois." (*Id*. at ¶ 4.) Because "mistakes concerning the existence of diversity jurisdiction are most common" among entities such as Starr Global, this Court must be "particularly alert for jurisdictional problems." *See Market Street Assoc. Ltd. P'ship v. Frey*, 941 F.2d 588, 591 (7th Cir. 1991).

The Seventh Circuit has warned that a naked declaration that there is diversity of citizenship is "never sufficient." *Thomas*, 487 F.3d at 533; *see America's Best Inns*, 980 F. 2d at 1074 (dismissing for lack of subject matter jurisdiction where litigant alleged "no partner is a citizen of Illinois" but did not identify the citizenship of each partner). Like *America's Best Inns*, Stevenson does not identify Starr Global's citizenship—he only offers a naked declaration of diversity (*i.e.*, "[n]o member of Starr Global… is a citizen of Illinois."). The Seventh Circuit insists upon "scrupulous adherence to the limitations on the subject-matter jurisdiction of the federal courts." *Meyerson v. Harrah's East Chicago Casino*, 299 F. 3d 616, 616-17 (7th Cir. 2002). And when a party's citizenship depends on the citizenship of its members, then every member's citizenship must be identified and traced through, no matter how many members or layers there may be. *Id.* at 617.

Specifically, when one of the parties is an LLC, "a federal court… needs to know each member's citizenship, and if necessary each member's member's citizenships." *Hicklin Engineering, LC v. Bartell*, 439 F. 3d 346, 347-48 (7th Cir. 2006). In short, the citizenship of each party must be identified. *Thomas*, 487 F.3d at 533. As it stands, Starr Global's citizenship is unknown.

## II. CONCLUSION

Plaintiff Stevenson invoked federal jurisdiction by filing his complaint with this Court. But because Stevenson failed to identify the citizenship of Defendant Starr Global, complete diversity has not yet been established. Therefore, the Court ORDERS Stevenson to file an Amended Complaint with factual allegations, assuming they exist, that address the inadequacies described herein. Stevenson has 21 days to comply with this order.

Entered this 18th day of October, 2012.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
